Henderson *v.* Marcell and others

---

A. C. HENDERSON *vs.* JACOB A. MARCELL *et. al.*

An injunction will not lie where the plaintiff's petition fails to show any right to bring the suit, nor any interest in the result.

On the hearing at chambers of a motion to dissolve an injunction, it is error for the Judge to hear and determine the subject matter of the controversy. He can only settle the question whether or not the injunction shall be dissolved or continued.

This suit was tried in the District Court of Franklin county, State of Kansas, then a Territory.

The plaintiffs' petition set torth an election held by the voters of Franklin county to determine the location of the county seat of that county, that the election was invalid for reason of certain informalities, and prayed for an injunction to restrain the county officers from removing their offices from their present location to the one designated by the majority of the voters as announced by the county commissioners, whose duty it was to canvas the votes of said election. A temporary injunction was granted by the Judge of the District Court of the Territory, and afterwards, on a motion to dissolve, he decided as follows:

"And now, to wit: July 30, 1860, having heard the parties, their proofs and allegations at chambers, and having considered the same, it is decided and ordered that the injunction heretofore granted and in force in this case be, and the same is hereby dissolved, and stand for naught; and that the doings of the county commissioners of the county of Franklin, in the Territory of Kansas, in canvassing and declaring the votes cast at the election held in said county, in pursuance of an act entitled 'an act to provide for the location of the county seat of Franklin county,' be, and the same is hereby considered valid and in law, and as such be hereby confirmed as being a due compliance with the act of the Legislature in that case made and provided, and in accordance with the intent thereof. Costs to be paid by petitioners.

"Given under my hand officially the date herein above written.

"(Signed)                              J. WILLIAMS,

"Judge Third Jud'l Dist., Territory of Kansas."

To reverse this decision the plaintiff brings this suit.

*G. W. Smith*, for plaintiff in error.

I. In the order dissolving the injunction made by the judge at chambers, he not only dissolved the same, but seemed to

feel it incumbent upon him also to pass upon the merits of the whole case pending in the District Court, and that without the consent of the plaintiff.

II. Only a part of the complaint could be legitimately before him at the time.

III. The facts set forth in the pleadings in the action against the defendants are independent of the injunction.

IV. The order of the Judge is in violation of the act of the 25th of February, A. D. 1860, which provides that the present board of supervisors of the county of Franklin shall count the votes poled at the election, when the evidence shows that that duty was performed by the county commissioners.

V. The act of the 30th of January, 1861, repeals the act of the 25th of February, 1860, consequently the defendants were not bound to remove with their records, books and papers, from Minneola, the lawful county seat of Franklin county, to Peoria City, as the election and all things touching the same became a nullity on the repeal of the act authorizing said election.

The five hundred and twenty-fourth section of the act of the 11th of February establishing the Civil Code, provides that a petition in error will lie to the final order of a judge at chambers when it is a final disposition of that part of the case, and an injunction is only a portion of a case, and might and ought to have been without interfering with the suit pending in court. In this case the Judge not only dissolved the injunction, but disposed of the whole case pending in court, which was not before him for adjudication, and could not be tried without the intervention of a jury, unless the parties consented that the court should decide the facts as well as the law. The consent of plaintiff in error was never given. The action of the commissioners of Franklin county, in counting the votes cast at said election, was illegal and void, because the act of the 25th of February, 1860, (*p.* 90 *pamph. ed.*) provided that the then board of supervisors, which had the same effect in law as if

they had been named respectively by name, were required to perform that duty; and although the act dispensing with supervisors and electing in their stead county commissioners, who were to perform all the duties required to be performed by supervisors, (*p.* 43 *of pamph.* 1860,) could not apply, in this case, as both acts were passed on the same day. The act provided for the location of the county seat of Franklin county, and designated the then supervisors to perform the duty of counting the votes. It is evident that it was the intention of the Legislature that they were the persons to perform that duty, and not the county commissioners, for the Legislature had the right and could have named any persons by name to count the votes, and having named the then supervisors, they and no other person could count them; therefore the county commissioners having, as the record shows, performed that office, the election is a nullity.

The act of the 13th of January, 1861, repeals the act of the 25th of February, 1860, consequently the election provided for in the last mentioned act is a nullity, and the county officers of Franklin county were not bound to remove their offices to Peoria City.

*Christian & Lane,* for defendants in error.

No error lies from a decision of a judge in vacation. It is only from a district court that error can be brought to the Supreme Court. (*See Laws of* 1860, *p.* 41, § 4. *See also Nash,* 688 *and notes;* 4 *Cranch* 237; 6 *id.* 51, 206; 7 *Vt. R. p.* 496; 21 *Maine R.* 512.) "Error will not lie upon what is matter of discretion in the Court, much less a judge in vacation."

In support of the position that the fact set up in the petition and affidavit were not sufficient to authorize the issuing of the injunction in the first instance. (*See Hart vs. Mayor of Albany,* 3 *Paige* 213; 9 *Gill & Johns.* 468.; *Union Bank of*

*Maryland vs. Poultny et al.*, 8 *Gill & Johns.* 324 ; 2 *Dallas* 405 ; *Robinson vs. Anderson*, 2 *Johns. Ch.* 202 ; *N. Y. Printing Co. vs. Fitch*, 4 *Paige* 97 ; *Mintum vs. Seymour*, 4 *Johns. Ch. R.* 173 ; see *Code* 1859, § 247, *pp.* 119, 121 ; *Commercial Bank of Cincinnati vs. Browman*, 1 *Handy R. p.* 246 ; see *Seney's Code p.* 233 *notes*.) The dissolving of an injunction is in the sound discretion of the court. (*See* 2 *Johns. Ch. R.* 202; 4 *Paige* 97 ; *Poor vs. Carolton*, 3 *Sumner R.* 70.)

By the Court, KINGMAN, J. On the 25th of February, 1860, a law was passed providing for the location of the county seat of Franklin county, by submitting the same to a vote of the electors of that county. For alleged errors in the returns of the election, the Judge of the Third Judicial District, on the 19th day of May, 1860, granted an injunction prohibiting the county officers from removing their offices from Minneola to Peoria City, which latter place had been declared the county seat by the board of county commissioners. On the 30th day of July, 1860, the Judge of that District, in chambers, made an order dissolving the injunction.

This order is brought up here by writ of error. The order, so far as it discharged the injunction, is undoubtedly right. The plaintiff had not made out a prima facie case by his petition, to authorize an injunction. Among other defects, the plaintiff had not shown any right to bring the suit, nor any interest in the result ; had not even averred that he was a voter, or a citizen, or resident of Franklin county.

But the Judge undertook, at the same time, to settle the whole ease at chambers, declaring the acts of the commissioners valid, and establishing the county seat at Peoria City. This was beyond his power to do at chambers. The adverse party had been notified that the motion would be to dissolve the injunction. The Judge proceeded to try the case, and finally dispose of it at chambers. This is error.

A mandate will be sent to the Court below, directing it to sustain the order, so far as it dissolved the injunction, and disregarding the other part of it. The costs in this Court will be equally divided between the plaintiff and defendants in error, for which judgment is given, and execution awarded.